BROMBERG v. ROTHKOWITZ et al.

(Supreme Court, Appellate Term, First Department. October 25, 1916.)

APPEAL AND ERROR ☞1015(3)—REVERSAL.

An order granting new trial on the grounds that the verdict was against the weight of evidence, and evinced passion and prejudice, evoked, in the opinion of the justice, by subtle appeal to racial prejudice, while not proper on the last ground alone, that being a mere suspicion, will be affirmed if the evidence sustains the first ground.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3860–3866; Dec. Dig. ☞1015(3).]

Appeal from City Court of New York, Special Term.

Action by Sarah Bromberg against Israel Rothkowitz and another. From an order granting new trial after verdict in their favor, defendants appeal. Affirmed.

Argued October term, 1916, before GUY, BIJUR, and SHEARN, JJ.

Amos H. Stephens, of New York City (Edward J. Redington, of New York City, of counsel), for appellants.

Samuel C. David, of New York City (Arthur Hutter, of New York City, of counsel), for respondent.

SHEARN, J. The central question litigated in this case was whether a light was burning in the tenement hallway where the plaintiff fell downstairs. The plaintiff and her cousin testified that there was no light, and the janitress, who had been employed at the premises for 30 years, testified that she lighted up every night in the month in question earlier than the hour when the accident occurred. The janitress, however, was confronted with an affidavit that she had signed for plaintiff's attorneys, stating that she was not at the premises on the night of the accident and consequently did not know whether the lights were burning or not. The janitress was an illiterate woman,. and the affidavit had to be read to her.· On the trial she denied having made the statements set forth therein. The learned trial justice set the verdict aside because he regarded it as overwhelmingly against the weight of the evidence. The court also stated, and it is recited as one of the grounds for setting aside the verdict, that the verdict was due to passion and prejudice, aroused, in the opinion of the trial justice, by a subtle appeal to racial prejudices of the jury. If the order had to stand upon the latter ground alone, it would be our duty to reverse it. The summations of counsel are not printed, and there is nothing to indicate how the court knew that an alleged racial appeal of counsel received more consideration in the deliberations of the jury than did the testimony. The court's intuition may have been correct,

but judicial action must be founded upon something more substantial. But as the order was also based upon the verdict being against the weight of the evidence, and as the court was clearly warranted in so holding, the order should be affirmed, with costs.

Order affirmed, with costs. All concur.